**Cynthia HERDRICH, Plaintiff–Appellant,**

v.

**Lori PEGRAM, M.D., Carle Clinic Association, and Health Alliance Medical Plans, Incorporated, Defendants–Appellees.**

**No. 97–1070.**

United States Court of Appeals, Seventh Circuit.

Submitted June 12, 2000.

Decided May 1, 2001.

Before Hon. JOEL M. FLAUM, Chief Judge, Hon. HARLINGTON WOOD, JR., Hon. JOHN L. COFFEY, Circuit Judges.

### ORDER

On August 18, 1998, a divided panel held that Cynthia Herdrich had stated a cause of action, under ERISA, for breach of fiduciary duties. *Herdrich v. Pegram,* 154 F.3d 362 (1998), *reversed by Pegram v. Herdrich,* 530 U.S. 211, 120 S.Ct. 2143, 147

L.Ed.2d 164 (2000).[1] However, the United States Supreme Court disagreed and reversed this courts decision, holding that mixed eligibility and treatment decisions made by a HMO, acting through its physicians, were not fiduciary acts within the meaning of ERISA. *Pegram v. Herdrich,* 530 U.S. 211, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). Although the Supreme Court's decision in this case clearly outlines the failure of Pegram's complaint, there is still the matter of costs.

In the Appellees' Circuit Rule 54 statement, they ask that this court reverse its earlier award of cost to Herdrich (in the amount of $433.26) and award them the costs they incurred in this court and the Supreme Court.[2] Given that the Supreme Court has already awarded the appellees costs in the amount of $3,455.32, we need not address this issue. However, there is still the matter of who should pay for the proceedings before this court. After careful consideration, we order this court's previous award of $433.26 to Herdrich vacated. It is further ordered that the parties shall bear their own costs incurred before this court.

Given the directive of the United States Supreme Court, the decision of the district court holding that count III (breach of fiduciary duty) failed to state a claim upon which relief could be granted is now

AFFIRMED.

---

1. This court then denied the appellees' motion for rehearing and suggestion for rehearing *en banc. Herdrich v. Pegram,* 170 F.3d 683 (1999).

2. The appellees incurred $3,455.32 in costs before the United States Supreme Court and ask for 14 days to file an itemized and verified bill of costs regarding costs incurred before this court.

